# Exhibit A

1  **D‌K** PETER R. DION-KINDEM (SBN 95267)
   THE DION-KINDEM LAW FIRM
2  PETER R. DION-KINDEM, P. C.
3  21550 Oxnard Street, Suite 900
   Woodland Hills, California 91367
4  Telephone:      (818) 883-4900
   Fax:            (818) 883-4902
5  Email:          peter@dion-kindemlaw.com

6  LONNIE C. BLANCHARD, III (SBN 93530)
7  THE BLANCHARD LAW GROUP, APC
   Los Angeles, CA 90023
8  Telephone:      (213) 599-8255
   Fax:            (213) 402-3949
9  Email:          lonnieblanchard@gmail.com

10 Attorneys for Plaintiff Elizabeth Larroque

11

12                 UNITED STATES DISTRICT COURT

13               EASTERN DISTRICT OF CALIFORNIA

14

15 | Elizabeth Larroque, an individual, on behalf of | Case No. |
   | herself and all others similarly situated, | **CLASS ACTION** |
16 | | |
   | Plaintiff, | **Complaint and Demand for Jury Trial** |
17 | | |
18 | vs. | |
19 | LN Risk Solutions FL Inc., a Minnesota | |
   | corporation, and Does 1 through 10, | |
20 | Defendants. | |

21     Plaintiff Elizabeth Larroque ("Plaintiff") alleges:

22 1.  This class action alleges that certain policies and practices followed by Defendant LN Risk

23     Solutions FL Inc. and the Doe Defendants in furnishing consumer reports for employment

24     purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et*

25     *seq*. Specifically, Defendants violated Section 1681b(b) of the FCRA by furnishing consumer

26     reports for employment purposes before obtaining the required certifications required thereunder.

27

28

## JURISDICTION AND VENUE

2.  The Court has jurisdiction under 15 U.S.C. Section 1681p.

3.  Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the Defendant regularly does business in this district.

## INTRADISTRICT ASSIGNMENT

4.  This matter is properly assigned to the San Francisco or Oakland Division of this District pursuant to Civil Local Rule 3-2 because Defendant LN Risk Solutions FL Inc. does business in such Division.

## PARTIES

5.  Elizabeth Larroque ("Plaintiff") is a "consumer" protected by the FCRA.

6.  The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

7.  The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for. . . (B) employment purposes."

8.  Defendant LN Risk Solutions FL Inc. ("LexisNexis") is a "person" as defined by the FCRA. At all times relevant hereto, LexisNexis was a "consumer reporting agency" governed by the FCRA. During the relevant time, LexisNexis was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. Section 1681(d), to third parties, including Pacific Hotel Management, LLC for employment purposes. LexisNexis furnished consumer reports to Pacific Hotel Management, LLC concerning Plaintiff and other class members and also furnished consumer reports to other persons concerning class members for employment purposes.

9.  Plaintiff does not presently know the true names and capacities of the defendants named as Does

1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

10.  Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

### First Claim for Relief against Defendants

### Violation of the FCRA Section 1681b(b)(1)

11.  Plaintiff realleges all of the preceding paragraphs.

12.  On or about September 17, 2012, Pacific Hotel Management, LLC procured or caused to be procured a consumer report regarding Plaintiff from LexisNexis.

13.  Defendant LexisNexis violated Section 1681b(b)(1) by furnishing consumer reports regarding Plaintiff and other class members for employment purposes to Pacific Hotel Management, LLC and others without first obtaining from Pacific Hotel Management, LLC and other persons to whom it furnished such reports a certification by such person as to each consumer report it furnished to such person that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3)

with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

14. Defendants knew or should have known about their legal obligations under the FCRA. The language of Section 1681b(b)(1) is plain and clearly ascertainable. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if -- (A) the person who obtains such report from the agency certifies to the agency that-- (i) the person *has complied* with paragraph (2) *with respect to the consumer report*, and the person *will comply* with paragraph (3) *with respect to the consumer report* if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation." (Emphasis added.) Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these obligations.

15. Despite knowing of these legal obligations, Defendants intentionally or recklessly acted consciously in breaching their known duties and depriving Plaintiff and other Class members their rights under the FCRA. Plaintiff believes that Defendants did not obtain proper and valid certifications before providing consumer reports to those persons to whom they were provided because Defendants did not want to incur the expenses associated with obtaining such certifications as to each consumer as to whom a consumer report was generated and provided by Defendants.

16. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

17. 15 U.S.C.A. § 1681p provides:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

18. The violation that is the basis of liability of this claim is the provision of a consumer report regarding Plaintiff or the class member without first obtaining the requisite certification from the person to whom the consumer report was being provided that such person, as to each consumer as to which a consumer report was provided, "*has complied* with paragraph (2) *with respect to the consumer report*, and the person *will comply* with paragraph (3) *with respect to the consumer report* if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation."

19. Plaintiff discovered Defendants' violation(s) within the last two years when Plaintiff requested from Pacific Hotel Management, LLC a copy of the certification provided by Pacific Hotel Management, LLC to LexisNexis prior to LexisNexis furnishing the consumer report to Pacific Hotel Management, LLC and discovered that Pacific Hotel Management, LLC had not provided the requisite certification to LexisNexis regarding Plaintiff's consumer report *before* LexisNexis provided the consumer report to Pacific Hotel Management, LLC.

20. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of the classes initially defined as follows:

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom LexisNexis Risk & Information Analytics Group, Inc. furnished consumer reports for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p without first obtaining from the person to whom LexisNexis Risk & Information Analytics Group, Inc. furnished such consumer report a certification that such person had complied with its obligations under Section 1681b(b)(2) as to the subject of the consumer report.

21. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of each of the Classes are believed to be in excess of 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the

Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

22. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a. Whether Defendants violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without first obtaining from Pacific Hotel Management, LLC and other persons to whom they furnished such report a certification by such person as to each consumer report it furnished that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

   b. Whether Defendants' violations were willful.

23. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

24. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

25. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove

**Complaint**

burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1.  For an order certifying the proposed FCRA classes under Federal Rule 23 and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;

2.  For statutory damages;

3.  For punitive damages;

4.  For attorney's fees and costs;

5.  For interest as provided by law;

6.  For such other and further relief as the Court deems proper.

Dated: June 30, 2015                    THE DION-KINDEM LAW FIRM

BY: _____
        PETER R. DION-KINDEM, P.C.
        PETER R. DION-KINDEM
        Attorney for Plaintiff Elizabeth Larroque

**Complaint**

7

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Elizabeth Larroque, an individual, on behalf of herself and all others similarly situated

**DEFENDANTS**
LN Risk Solutions FL Inc., a Minnesota corporation, and Does 1 through 10

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter R. Dion-Kindem (95267) The Dion-Kindem Law Firm
21550 Oxnard Street, Suite 900, Woodland Hills, CA 91367
Telephone: 818-883-4900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ❏ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* | |
| ❏ 2  U.S. Government Defendant | ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ☒ 480 Consumer Credit |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, et seq.
Brief description of cause:
violation of FCRA and California Investigative Consumer Reporting Agencies Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
06/30/2015

SIGNATURE OF ATTORNEY OF RECORD
/s Peter R. Dion-Kindem

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) also.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Exhibit B

1

**DK**  PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.

2

3   21550 Oxnard Street, Suite 900
Woodland Hills, California 91367

4   Telephone:     (818) 883-4900
Fax:              (818) 883-4902

5   Email:        peter@dion-kindemlaw.com

6

7   LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
Los Angeles, CA 90023

8   Telephone:     (213) 599-8255
Fax:              (213) 402-3949

9   Email:        lonnieblanchard@gmail.com

10  Attorneys for Plaintiff Elizabeth Larroque

11

12              UNITED STATES DISTRICT COURT

13            EASTERN DISTRICT OF CALIFORNIA

14

15  | Elizabeth Larroque, an individual, on behalf of herself and all others similarly situated, | **Case No. 15-CV-03041-MEJ** **CLASS ACTION** |
16
17  | Plaintiff, | **First Amended Complaint and Demand for Jury Trial** |
18  | vs. | |
19  | LexisNexis Risk Solutions FL Inc., a Minnesota corporation, and Does 1 through 10, | |
20  | Defendants. | |

21          Plaintiff Elizabeth Larroque ("Plaintiff") alleges:

22  1.    This class action alleges that certain policies and practices followed by Defendant LexisNexis

23       Risk Solutions FL Inc. and the Doe Defendants in furnishing consumer reports for employment

24       purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et*

25       *seq*. Specifically, Defendants violated Section 1681b(b) of the FCRA by furnishing consumer

26       reports for employment purposes before obtaining the required certifications required thereunder.

27

28

**Complaint**

1

### JURISDICTION AND VENUE

2.   The Court has jurisdiction under 15 U.S.C. Section 1681p.

3.   Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the Defendant regularly does business in this district.

### INTRADISTRICT ASSIGNMENT

4.   This matter is properly assigned to the San Francisco or Oakland Division of this District pursuant to Civil Local Rule 3-2 because Defendant LexisNexis Risk Solutions FL Inc. does business in such Division.

### PARTIES

5.   Elizabeth Larroque ("Plaintiff") is a "consumer" protected by the FCRA.

6.   The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

7.   The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for. . . (B) employment purposes."

8.   Defendant LexisNexis Risk Solutions FL Inc. ("LexisNexis") is a "person" as defined by the FCRA. At all times relevant hereto, LexisNexis was a "consumer reporting agency" governed by the FCRA. During the relevant time, LexisNexis was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. Section 1681(d), to third parties, including Pacific Hotel Management, LLC for employment purposes. LexisNexis furnished consumer reports to Pacific Hotel Management, LLC concerning Plaintiff and other class members and also furnished consumer reports to other persons concerning class members for employment purposes.

9.   Plaintiff does not presently know the true names and capacities of the defendants named as Does

1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

10. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

**First Claim for Relief against Defendants**

**Violation of the FCRA Section 1681b(b)(1)**

11. Plaintiff realleges all of the preceding paragraphs.

12. On or about September 17, 2012, Pacific Hotel Management, LLC procured or caused to be procured a consumer report regarding Plaintiff from LexisNexis.

13. Defendant LexisNexis violated Section 1681b(b)(1) by furnishing consumer reports regarding Plaintiff and other class members for employment purposes to Pacific Hotel Management, LLC and others without first obtaining from Pacific Hotel Management, LLC and other persons to whom it furnished such reports a certification by such person as to each consumer report it furnished to such person that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3)

with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

14. Defendants knew or should have known about their legal obligations under the FCRA. The language of Section 1681b(b)(1) is plain and clearly ascertainable. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if -- (A) the person who obtains such report from the agency certifies to the agency that-- (i) the person *has complied* with paragraph (2) *with respect to the consumer report*, and the person *will comply* with paragraph (3) *with respect to the consumer report* if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation." (Emphasis added.) Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these obligations.

15. Despite knowing of these legal obligations, Defendants intentionally or recklessly acted consciously in breaching their known duties and depriving Plaintiff and other Class members their rights under the FCRA. Plaintiff believes that Defendants did not obtain proper and valid certifications before providing consumer reports to those persons to whom they were provided because Defendants did not want to incur the expenses associated with obtaining such certifications as to each consumer as to whom a consumer report was generated and provided by Defendants.

16. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

17. 15 U.S.C.A. § 1681p provides:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

18.   The violation that is the basis of liability of this claim is the provision of a consumer report regarding Plaintiff or the class member without first obtaining the requisite certification from the person to whom the consumer report was being provided that such person, as to each consumer as to which a consumer report was provided, "***has complied*** with paragraph (2) ***with respect to the consumer report***, and the person ***will comply*** with paragraph (3) ***with respect to the consumer report*** if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation."

19.   Plaintiff discovered Defendants' violation(s) within the last two years when Plaintiff requested from Pacific Hotel Management, LLC a copy of the certification provided by Pacific Hotel Management, LLC to LexisNexis prior to LexisNexis furnishing the consumer report to Pacific Hotel Management, LLC and discovered that Pacific Hotel Management, LLC had not provided the requisite certification to LexisNexis regarding Plaintiff's consumer report ***before*** LexisNexis provided the consumer report to Pacific Hotel Management, LLC.

20.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of the classes initially defined as follows:

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom LexisNexis Risk & Information Analytics Group, Inc. furnished consumer reports for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p without first obtaining from the person to whom LexisNexis Risk & Information Analytics Group, Inc. furnished such consumer report a certification that such person had complied with its obligations under Section 1681b(b)(2) as to the subject of the consumer report.

21.   **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of each of the Classes are believed to be in excess of 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the

**Complaint**

Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

22.   **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.   Whether Defendants violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without first obtaining from Pacific Hotel Management, LLC and other persons to whom they furnished such report a certification by such person as to each consumer report it furnished that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

    b.   Whether Defendants' violations were willful.

23.   **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

24.   **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

25.   **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove

burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1.  For an order certifying the proposed FCRA classes under Federal Rule 23 and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;

2.  For statutory damages;

3.  For punitive damages;

4.  For attorney's fees and costs;

5.  For interest as provided by law;

6.  For such other and further relief as the Court deems proper.

Dated: July 8, 2015               THE DION-KINDEM LAW FIRM


BY: _____
        PETER R. DION-KINDEM, P.C.
        PETER R. DION-KINDEM
        Attorney for Plaintiff Elizabeth Larroque

**Complaint**

Exhibit C

1   PETER R. DION-KINDEM (SBN 95267)
    THE DION-KINDEM LAW FIRM
2   PETER R. DION-KINDEM, P. C.
3   21550 Oxnard Street, Suite 900
    Woodland Hills, California 91367
4   Telephone:     (818) 883-4900
    Fax:           (818) 883-4902
5   Email:         peter@dion-kindemlaw.com

6
    LONNIE C. BLANCHARD, III (SBN 93530)
7   THE BLANCHARD LAW GROUP, APC
    Los Angeles, CA 90023
8   Telephone:     (213) 599-8255
    Fax:           (213) 402-3949
9   Email:         lonnieblanchard@gmail.com

10  Attorneys for Plaintiff Elizabeth Larroque

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15  Elizabeth Larroque, an individual, on behalf of      **Case No. 15-CV-03041-MEJ**
    herself and all others similarly situated,           **CLASS ACTION**
16
                Plaintiff,                                **Second Amended Complaint and Demand**
17                                                        **for Jury Trial**
            vs.
18
19  First Advantage LNS Screening Solutions, Inc.,
    and Does 1 through 10,
20
                Defendants.

21          Plaintiff Elizabeth Larroque ("Plaintiff") alleges:

22  1.      This class action alleges that certain policies and practices followed by Defendant First

23          Advantage LNS Screening Solutions, Inc. and the Doe Defendants in furnishing consumer

24          reports for employment purposes violate the provisions of the Fair Credit Reporting Act

25          ("FCRA"), 15 U.S.C. 1681, *et seq*. Specifically, Defendants violated Section 1681b(b) of the

26          FCRA by furnishing consumer reports for employment purposes before obtaining the required

27          certifications required thereunder.

28

                        **Second Amended Complaint**

## JURISDICTION AND VENUE

2. The Court has jurisdiction under 15 U.S.C. Section 1681p.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the Defendants regularly do business in this district and the wrongful acts occurred in this District.

## INTRADISTRICT ASSIGNMENT

4. This matter is properly assigned to the San Francisco or Oakland Division of this District pursuant to Civil Local Rule 3-2 because Defendants do business in such Division and the wrongful acts occurred in such Division.

## PARTIES

5. Elizabeth Larroque ("Plaintiff") is a "consumer" protected by the FCRA.

6. The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

7. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for. . . (B) employment purposes."

8. Defendant First Advantage LNS Screening Solutions, Inc. ("First Advantage") is a "person" as defined by the FCRA. At all times relevant hereto, First Advantage was a "consumer reporting agency" governed by the FCRA. During the relevant time, First Advantage was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. Section 1681(d), to third parties, including Pacific Hotel Management, LLC for employment purposes. First Advantage furnished consumer reports to Pacific Hotel Management, LLC concerning Plaintiff and other class members and also furnished consumer reports to other persons concerning class members for employment purposes.

9. Plaintiff does not presently know the true names and capacities of the defendants named as Does

1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

10. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

### First Claim for Relief against Defendants

### Violation of the FCRA Section 1681b(b)(1)

11. Plaintiff realleges all of the preceding paragraphs.

12. On or about September 17, 2012, Pacific Hotel Management, LLC procured or caused to be procured a consumer report regarding Plaintiff from First Advantage.

13. Defendants violated Section 1681b(b)(1) by furnishing consumer reports regarding Plaintiff and other class members for employment purposes to Pacific Hotel Management, LLC and others without first obtaining from Pacific Hotel Management, LLC and other persons to whom Defendants furnished such reports a certification by such person as to each consumer report it furnished to such person that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3)

with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

14. Defendants knew or should have known about their legal obligations under the FCRA. The language of Section 1681b(b)(1) is plain and clearly ascertainable. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if -- (A) the person who obtains such report from the agency certifies to the agency that-- (i) the person **has complied** with paragraph (2) **with respect to the consumer report**, and the person **will comply** with paragraph (3) **with respect to the consumer report** if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation." (Emphasis added.) Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these obligations.

15. Despite knowing of these legal obligations, Defendants intentionally or recklessly acted consciously in breaching their known duties and depriving Plaintiff and other Class members their rights under the FCRA. Plaintiff believes that Defendants did not obtain proper and valid certifications before providing consumer reports to those persons to whom they were provided because Defendants did not want to incur the expenses associated with obtaining such certifications as to each consumer as to whom a consumer report was generated and provided by Defendants.

16. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

17. 15 U.S.C.A. § 1681p provides:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

18.   The violation that is the basis of liability of this claim is the provision of a consumer report regarding Plaintiff or the class member without first obtaining the requisite certification from the person to whom the consumer report was being provided that such person, as to each consumer as to which a consumer report was provided, "*has complied* with paragraph (2) *with respect to the consumer report*, and the person *will comply* with paragraph (3) *with respect to the consumer report* if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation."

19.   Plaintiff discovered Defendants' violation(s) within the last two years when Plaintiff requested from Pacific Hotel Management, LLC a copy of the certification provided by Pacific Hotel Management, LLC to Defendant prior to Defendant furnishing the consumer report to Pacific Hotel Management, LLC and discovered that Pacific Hotel Management, LLC had not provided the requisite certification regarding Plaintiff's consumer report *before* the consumer report was provided to Pacific Hotel Management, LLC.

20.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of the classes initially defined as follows:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom First Advantage LNS Screening Solutions, Inc. furnished consumer reports for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p without first obtaining from the person to whom First Advantage LNS Screening Solutions, Inc. furnished such consumer report a certification that such person had complied with its obligations under Section 1681b(b)(2) as to the subject of the consumer report.

21.   **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of each of the Classes are believed to be in excess of 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the

Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

22. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.     Whether Defendants violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without first obtaining from Pacific Hotel Management, LLC and other persons to whom they furnished such report a certification by such person as to each consumer report it furnished that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

    b.     Whether Defendants' violations were willful.

23. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

24. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

25. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove

burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For an order certifying the proposed FCRA classes under Federal Rule 23 and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;

2. For statutory damages;

3. For punitive damages;

4. For attorney's fees and costs;

5. For interest as provided by law;

6. For such other and further relief as the Court deems proper.

Dated: August 10, 2015                    THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Elizabeth Larroque

**Second Amended Complaint**

7

# Exhibit D

PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:      (818) 883-4900
Fax:            (818) 883-4902
Email:          peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
Los Angeles, CA 90023
Telephone:      (213) 599-8255
Fax:            (213) 402-3949
Email:          lonnieblanchard@gmail.com

Attorneys for Plaintiff Elizabeth Larroque

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Larroque, an individual, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>          vs.<br><br>First Advantage LNS Screening Solutions, Inc., and Does 1 through 10,<br><br>          Defendants. | Case No. 15-CV-03041-MEJ<br>**CLASS ACTION**<br><br>**Notice of Voluntary Dismissal** |

Plaintiff voluntarily dismisses this action pursuant to Federal Rule of Civil Procedure 41(a). Such dismissal shall be without prejudice, with each side to bear its own costs and fees.

Dated: August 11, 2015          THE DION-KINDEM LAW FIRM


BY: _____
          PETER R. DION-KINDEM, P.C.
          PETER R. DION-KINDEM
          Attorney for Plaintiff Elizabeth Larroque

**Notice of Voluntary Dismissal**

# Exhibit E

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT.**
**(AVISO AL DEMANDADO):**

First Advantage LNS Screening Solutions, Inc , and Does 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Elizabeth Larroque, an individual, on behalf of herself and all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SAN MATEO COUNTY

AUG 17 2015

Clerk of the Superior Court
By _____
DEPUTY CLERK

**NOTICE!** You have been sued The Court may decide against you without your being heard unless you respond within 30 days Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff A letter or phone call will not protect you Your written response must be in proper legal form if you want the court to hear your case There may be a court form that you can use for your response You can find these court forms and more information at the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), your county law library, or the courthouse nearest you If you cannot pay the filing fee, ask the court clerk for a fee waiver form If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court

There are other legal requirements You may want to call an attorney right away If you do not know an attorney, you may want to call an attorney referral service If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program You can locate these nonprofit groups at the California Legal Services Web site (www lawhelpcalifornia org), the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), or by contacting your local court or county bar association **NOTE** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case The court's lien must be paid before the court will dismiss the case

¡AVISO! Lo han demandado Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión Lea la información a continuación

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante Una carta o una llamada telefónica no lo protegen Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte Es posible que haya un formulario que usted pueda usar para su respuesta Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www sucorte ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia

Hay otros requisitos legales Es recomendable que llame a un abogado inmediatamente Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www sucorte ca gov) o poniéndose en contacto con la corte o el colegio de abogados locales AVISO Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso

| The name and address of the court is | CASE NUMBER |
|---|---|
| (El nombre y dirección de la corte es)  San Mateo Superior Court | (Número del Caso) CIV 535083 |

Hall of Justice, 400 County Center, Redwood City, CA 94063-1655

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)

Peter R Dion-Kindem, 21550 Oxnard St., Suite 900, Woodland Hills, CA 91367, 818-883-4900

| DATE  AUG 17 2015 | JOHN C. FITTON | Clerk, by | , Deputy |
|---|---|---|---|
| (Fecha) | | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))

[SEAL]

**NOTICE TO THE PERSON SERVED** You are served

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of (specify)

3. ☐ on behalf of (specify)

under ☐ CCP 416 10 (corporation)     ☐ CCP 416 60 (minor)
       ☐ CCP 416 20 (defunct corporation)  ☐ CCP 416 70 (conservatee)
       ☐ CCP 416 40 (association or partnership)  ☐ CCP 416 90 (authorized person)
       ☐ other (specify)
4. ☐ by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412 20 465
www courtinfo ca gov

| | |
|---|---|
| 1 | **DK** PETER R. DION-KINDEM (SBN 95267)<br>THE DION-KINDEM LAW FIRM<br>PETER R DION-KINDEM, P C |
| 2 | |

PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R DION-KINDEM, P C
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone·      (818) 883-4900
Fax            (818) 883-4902
Email          peter@dion-kindemlaw com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
Los Angeles, CA 90023
Telephone      (213) 599-8255
Fax            (213) 402-3949
Email          lonnieblanchard@gmail.com

Attorneys for Plaintiff Elizabeth Larroque

**FILED**
SAN MATEO COUNTY

AUG 1 7 2015

Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

**CIV 535083**

| | |
|---|---|
| Elizabeth Larroque, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>        vs<br><br>First Advantage LNS Screening Solutions, Inc , and Does 1 through 10,<br><br>        Defendants | Case No.<br>**CLASS ACTION**<br><br>**Complaint and Demand for Jury Trial** |

Plaintiff Elizabeth Larroque ("Plaintiff") alleges

1    This class action alleges that certain policies and practices followed by Defendant First Advantage LNS Screening Solutions, Inc  and the Doe Defendants in furnishing consumer reports for employment purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U S C  1681, *et seq*  Specifically, Defendants violated Section 1681b(b) of the FCRA by furnishing consumer reports for employment purposes before obtaining the required certifications required thereunder

**Complaint**
1

**PARTIES**

2.   Elizabeth Larroque ("Plaintiff") is a "consumer" protected by the FCRA.

3.   The FCRA defines a "person" as "    any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

4   The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for    (B) employment purposes "

5.   Defendant First Advantage LNS Screening Solutions, Inc  ("First Advantage") is a "person" as defined by the FCRA  At all times relevant hereto, First Advantage was a "consumer reporting agency" governed by the FCRA. During the relevant time, First Advantage was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S C  Section 1681(d), to third parties, including Pacific Hotel Management, LLC for employment purposes. First Advantage furnished consumer reports to Pacific Hotel Management, LLC concerning Plaintiff and other class members and also furnished consumer reports to other persons concerning class members for employment purposes

6.   Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names  Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them

7.   Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or

**Complaint**

2

capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein  These wrongful acts were committed in furtherance of such conspiracy  Defendants aided and abetted each other in committing the wrongful acts alleged herein  Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

### First Cause of Action against Defendants

### Violation of the FCRA Section 1681b(b)(1)

8   Plaintiff realleges all of the preceding paragraphs

9.   On or about September 17, 2012, Pacific Hotel Management, LLC procured or caused to be procured a consumer report regarding Plaintiff from First Advantage.

10   Defendants violated Section 1681b(b)(1) by furnishing consumer reports regarding Plaintiff and other class members for employment purposes to Pacific Hotel Management, LLC and others without first obtaining from Pacific Hotel Management, LLC and other persons to whom Defendants furnished such reports a certification by such person as to each consumer report it furnished to such person that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable "

11.   Defendants knew or should have known about their legal obligations under the FCRA  The language of Section 1681b(b)(1) is plain and clearly ascertainable  According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if -- (A) the person who obtains such report from the agency certifies to the agency that-- (i) the person *has complied* with paragraph (2) *with respect to the consumer report*, and the person *will comply* with paragraph (3) *with respect to the consumer report* if paragraph (3) becomes applicable, and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation."

**Complaint**

3

(Emphasis added) Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these obligations

12. Despite knowing of these legal obligations, Defendants intentionally or recklessly acted consciously in breaching their known duties and depriving Plaintiff and other Class members their rights under the FCRA  Plaintiff believes that Defendants did not obtain proper and valid certifications before providing consumer reports to those persons to whom they were provided because Defendants did not want to incur the expenses associated with obtaining such certifications as to each consumer as to whom a consumer report was generated and provided by Defendants.

13. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o

14  15 U.S.C.A. § 1681p provides.

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability, or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs

15. The violation that is the basis of liability of this claim is the provision of a consumer report regarding Plaintiff or the class member without first obtaining the requisite certification from the person to whom the consumer report was being provided that such person, as to each consumer as to which a consumer report was provided, "*has complied* with paragraph (2) *with respect to the consumer report*, and the person *will comply* with paragraph (3) *with respect to the consumer report* if paragraph (3) becomes applicable, and (ii) information from the consumer

report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation "

16. Plaintiff discovered Defendants' violation(s) within the last two years when Plaintiff requested from Pacific Hotel Management, LLC a copy of the certification provided by Pacific Hotel Management, LLC to Defendant prior to Defendant furnishing the consumer report to Pacific Hotel Management, LLC and discovered that Pacific Hotel Management, LLC had not provided the requisite certification regarding Plaintiff's consumer report *before* the consumer report was provided to Pacific Hotel Management, LLC

17 Plaintiff brings this claim for himself and on behalf of the classes initially defined as follows

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom First Advantage LNS Screening Solutions, Inc furnished consumer reports for employment purposes within the period prescribed by FCRA, 15 U.S C §1681p without first obtaining from the person to whom First Advantage LNS Screening Solutions, Inc furnished such consumer report a certification that such person had complied with its obligations under Section 1681b(b)(2) as to the subject of the consumer report.

18. **Numerosity.** The members of each of the Classes are believed to be in excess of 1,000 and are so numerous that joinder of all members is impractical  The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice

19. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members  These common legal and factual questions include, among other things

a. Whether Defendants violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without first obtaining from Pacific Hotel Management, LLC and other persons to whom they furnished such report a certification by such person as to each consumer report it furnished that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with

paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

    b.    Whether Defendants' violations were willful

20.    **Typicality.** Plaintiff's class claims are typical of the claims of Class members  Plaintiff for class certification purposes seeks only statutory and punitive damages  In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

21.    **Adequacy.** Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent  Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

22.    **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1.    For an order certifying the proposed FCRA class and appointing Plaintiff and Plaintiff's

**Complaint**

6

undersigned counsel of record to represent same,

2.   For statutory damages,

3.   For punitive damages,

4    For attorney's fees and costs,

5.   For interest as provided by law,

6.   For such other and further relief as the Court deems proper

Dated  August 11, 2015                    THE DION-KINDEM LAW FIRM

                                          BY  _____

                                              PETER R  DION-KINDEM, P.C.
                                              PETER R  DION-KINDEM
                                              Attorney for Plaintiff Elizabeth Larroque

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Peter R Dion-Kindem (95267)<br>Peter R Dion-Kindem P C<br>21550 Oxnard St Suite 900<br>Woodland Hills, CA 91367<br>TELEPHONE NO 818-883-4900    FAX NO 818-883-4902<br>ATTORNEY FOR *(Name)*  Plaintiff | **FILED**<br>SAN MATEO COUNTY<br><br>AUG 17 2015<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS  400 County Center
MAILING ADDRESS
CITY AND ZIP CODE  Redwood City, CA 94063-1655
BRANCH NAME  Hall of Justice

CASE NAME
Lorroque v. First Advantage LNS Screening Solutions, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal Rules of Court, rule 3 402) | | CIV 535083<br>JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2)*

1  Check one box below for the case type that best describes this case

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3 740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3 403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2  This case [✓] is  [ ] is not  complex under rule 3 400 of the California Rules of Court  If the case is complex, mark the factors requiring exceptional judicial management
   a [ ] Large number of separately represented parties
   b [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c [✓] Substantial amount of documentary evidence
   d [✓] Large number of witnesses
   e [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f [ ] Substantial postjudgment judicial supervision

3  Remedies sought *(check all that apply)*  a [✓] monetary   b [ ] nonmonetary, declaratory or injunctive relief   c [✓] punitive
4  Number of causes of action *(specify)*  1
5  This case [✓] is  [ ] is not  a class action suit
6  If there are any known related cases, file and serve a notice of related case *(You may use form CM-015 )*

Date 8/11/15

Peter R. Dion-Kindem
(TYPE OR PRINT NAME)     ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal Rules of Court, rule 3 220 ) Failure to file may result in sanctions
• File this cover sheet in addition to any cover sheet required by local court rule
• If this case is complex under rule 3 400 et seq of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding
• Unless this is a collections case under rule 3 740 or a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal Rules of Court, rules 2 30 3 220 3 400–3 403, 3 740,
Cal Standards of Judicial Administration, std 3 10
www.courtinfo.ca.gov

# Exhibit F

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>**DION-KINDEM, PETER R**<br>**21550 OXNARD STREET, SUITE 900**<br>**WOODLAND HILLS, CA 91367**<br>TELEPHONE NO   **818-883-4900**       FAX NO   *(Optional)*<br>E-MAIL ADDRESS *(Optional)*<br>ATTORNEY FOR *(Name)*   **ELIZABETH LARROQUE** | *FOR COURT USE ONLY*<br><br>**FILED**<br>**SAN MATEO COUNTY**<br>SEP 1 5 2015<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS   **400 County Center, Room A**
MAILING ADDRESS
CITY AND ZIP CODE   **Redwood City 94063**
BRANCH NAME   **Southern Branch  Hall of Justice and Records**

| | |
|---|---|
| PLAINTIFF/PETITIONER  **ELIZABETH LARROQUE** | CASE NUMBER |
| DEFENDANT/RESPONDENT  **FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC** | **CIV535083** |
| **PROOF OF SERVICE OF SUMMONS** | Ref No  or File No<br>**LARROQUE v. FIRST** |

**BY FAX**

1   At the time of service I was at least 18 years of age and not a party to this action

2   I served copies of *(specify documents)*
**SUMMONS; CLASS ACTION COMPLAINT, CIVIL CASE COVER SHEET; NOTICE OF CASE MANAGEMENT CONFERENCE, ADR INFORMATION PACKAGE; BLANK CASE MANAGEMENT STATEMENT**

3   a   Party served *(specify name of party as shown on documents served)*
**FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC**

   b   **[X]**   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a )*
   **Becky De George, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by verbal communication, a white female approx  55-65 years of age, 5'4"-5'6" tall, weighing 160-180 lbs with brown hair**

4   Address where the party was served
**CSC-LAWYERS INCORPORATING SERVICE, 2710 GATEWAY OAKS DR, SUITE 150N, SACRAMENTO, CA 95833**

5   I served the party *(check proper box)*

   a   **[X]**   **by personal service**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)* **09/11/2015** at *(time)* **3 23 PM**

   b   **[ ]**   **by substituted service**  On *(date)*                     at *(time)*                     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*

      (1)  **[ ]**   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served  I informed him or her of the general nature of the papers

      (2)  **[ ]**   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party  I informed him or her of the general nature of the papers

      (3)  **[ ]**   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box  I informed him or her of the general nature of the papers

      (4)  **[ ]**   I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ  Proc § 415 20)  Documents were mailed on *(date)*                    from *(city)*                    or **[ ]** a declaration of mailing is attached

      (5)  **[ ]**   I attach a **declaration of diligence** stating actions taken first to attempt personal service

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-<br>010 [Rev  January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure § 417 10 |


REF  LARROQUE v FIRST

Tracking #  0008536438

| PLAINTIFF/PETITIONER  ELIZABETH LARROQUE | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT   FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC | CIV535083 |

c ☐ **by mail and acknowledgement of receipt of service** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)* (2) from *(city)*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me  *(Attach completed Notice and Acknowledgement of Receipt )* (Code Civ Proc , § 415 30)

(4) ☐ to an address outside California with return receipt requested  (Code Civ Proc , § 415 40)

d ☐ **by other means** *(specify means of service and authorizing code section)*

☐ Additional page describing service is attached

6   The "Notice to the Person Served" (on the summons) was completed as follows

a ☐ as an individual defendant

b ☐ as the person sued under the fictitious name of *(specify)*

c ☐ as occupant

d ☒ On behalf of *(specify)* First Advantage LNS Screening Solutions, Inc.

under the following Code of Civil Procedure section

☒ 416 10 (corporation)               ☐ 415 95 (business organization, form unknown)
☐ 416 20 (defunct corporation)       ☐ 416 60 (minor)
☐ 416 30 (joint stock company/association)  ☐ 416 70 (ward or conservatee)
☐ 416 40 (association or partnership)   ☐ 416 90 (authorized person)
☐ 416 50 (public entity)             ☐ 415 46 (occupant)
                                     ☐ other

7   **Person who served papers**

a   Name                **Bobby Dalton**
b   Address             **2014 10th St , Sacramento, CA 95818**
c   Telephone number    **916-449-8990**
d   The fee for service was  **$ 59.50**
e   I am

(1) ☐ not a registered California process server

(2) ☐ exempt from registration under Business and Professions Code section 22350(b)

(3) ☒ registered California process server

(i) ☐ owner ☐ employee ☒ independent contractor    For    **ABC Legal Services, Inc**
(ii) ☒ Registration No  **2012-56**                Registration #  **6779**
(iii) ☒ County          **Sacramento**              County  **Los Angeles**

BY FAX

8 ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct

or

9 ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct

Date   9/13/15

**Bobby Dalton**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                  (SIGNATURE)

POS-010 [Rev January 1, 2007]                                          Page 2 of 2

**PROOF OF SERVICE OF SUMMONS**                          Tracking #  0008536438

REF  LARROQUE v. FIRST

Exhibit G

# NOTICE OF CASE MANAGEMENT CONFERENCE

**Elizabeth Lammongue, Et al.**

**FILED**
**SAN MATEO COUNTY**

Case No  **CIV 535083**

AUG 17 2015

VS

**First Advontange LNS**

Clerk of the Superior Court
By _____
DEPUTY CLERK

Date  **01·08·16**

Time **9 00 a m**

Dept _____  --on Tuesday & Thursday

Dept _____  --on Wednesday & Friday

You are hereby given notice of your Case Management Conference  The date, time and department have been written above

1    In accordance with applicable California Rules of the Court and local Rules 2 3(d)1-4 and 2 3(m), you are hereby ordered to

    a)  Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201 7)

    b)  Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action

    c)  File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]  Failure to do so may result in monetary sanctions

    d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference

2    If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned  The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal

3    Continuances of Case Management Conferences are highly disfavored unless good cause is shown

4    Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form)  If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator  If plaintiffs and defendants file a completed stipulation to another ADR process (e g , mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session  The court will notify parties of their new Case Management Conference date

5    If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar  If "Does", "Roes", etc  are named in your complaint, they must be dismissed in order to close the case  If any party is in bankruptcy, the case is stayed only as to that named party

6    You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above  You must be thoroughly familiar with the case and fully authorized to proceed

7    The Case Management judge will issue orders at the conclusion of the conference that may include

    a)  Referring parties to voluntary ADR and setting an ADR completion date,

    b)  Dismissing or severing claims or parties,

    c)  Setting a trial date

8    The Case Management judge may be the trial judge in this case

For further information regarding case management policies and procedures, see the court's website at   www.sanmateocourt.org

# Exhibit H

ENDORSED FILED
SAN MATEO COUNTY

OCT - 8 2015

Clerk of the ~~~~~
By _MADELINE MASTERSON_
DEPUTY CLERK

1   SEYFARTH SHAW LLP
    G. Daniel Newland (SBN 87965) dnewland@seyfarth.com
2   Eric M. Lloyd (SBN 254390) elloyd@seyfarth.com
    560 Mission Street, 31st Floor
3   San Francisco, California 94105
    Telephone:   (415) 397-2823
4   Facsimile:   (415) 397-8549

5   SEYFARTH SHAW LLP
    Frederick T. Smith (*to be admitted pro hac vice*) fsmith@seyfarth.com
6   Esther Slater McDonald (*to be admitted pro hac vice*) emcdonald@seyfarth.com
    1075 Peachtree Street, N.E., Suite 2500
7   Atlanta, Georgia 30309-3958
    Telephone:   (404) 885-1500
8   Facsimile:   (404) 892-7056

9   Attorneys for Defendant
    FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

10

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF SAN MATEO

14   ELIZABETH LARROQUE, an individual, on    )   Case No. CIV 535083
     behalf of herself and all others similarly situated, )
15                                            )   **DEFENDANT'S ANSWER TO**
                    Plaintiff,                )   **PLAINTIFF'S CLASS ACTION**
16                                            )   **COMPLAINT**
17        v.                                  )
                                              )
18   FIRST ADVANTAGE LNS SCREENING            )   Complaint filed: August 17, 2015
     SOLUTIONS, INC.; and DOES 1 through 10,  )
19   inclusive.                               )              BY FAX
                                              )
                    Defendants.               )
20

21        Defendant FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC. ("Defendant")

22   hereby answers the unverified Class Action Complaint of Plaintiff ELIZABETH LARROQUE

23   ("Plaintiff") as follows:

24                           **GENERAL DENIAL**

25        Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), First

26   Advantage denies, generally and specifically, each and every allegation, statement, matter, and each

27   purported cause of action contained in Plaintiff's Class Action Complaint. Without limiting the

28   generality of the foregoing, First Advantage also denies, generally and specifically, that Plaintiff has

                                      1

been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of First Advantage.

## SEPARATE DEFENSES

In further answer to Plaintiff's Class Action Complaint, First Advantage asserts the following additional defenses. In asserting these defenses, First Advantage does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

Plaintiff sustained no injuries, damages, or loss by reason of any act of Defendant.

## SECOND DEFENSE

To the extent Plaintiff's claims are based on acts that occurred or accrued prior to any applicable statute of limitations, such claims are time-barred.

## THIRD DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage's reading of its obligations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, is objectively reasonable.

## FOURTH DEFENSE

To the extent that Plaintiff failed to mitigate her alleged damages, her recovery, if any must be reduced accordingly.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery and/or investigation indicates that such defenses are appropriate.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1.      That Plaintiff's Class Action Complaint be dismissed in its entirety and with prejudice with respect to Defendant, with costs taxed against Plaintiff;

2.      That Defendant recover from Plaintiff its expenses of litigation; and

3.      That Defendant recover such other and additional relief as the Court deems proper.

2

DATED: October 8, 2015

SEYFARTH SHAW LLP

By: _____
G. Daniel Newland
Frederick T. Smith*
Esther Slater McDonald*
Eric M. Lloyd

Attorneys for Defendant
FIRST ADVANTAGE LNS SCREENING
SOLUTIONS, INC.

*to be admitted pro hac vice

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT / CASE NO. CIV 535083

21148613v.2 / 010706-000056

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.

3  On October 8, 2015, I served the within document(s):

4 **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

5 ☐  I sent such document from facsimile machines (415) 397-8549 on October 8, 2015.  I certify that said transmission was completed and that all pages were received and that a report was generated by

6     said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s)

7     addressed to the parties listed below.

8 ☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

9

10 ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

11 ☒  by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with Federal Express at San

12     Francisco, California, addressed as set forth below.

13 ☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

14

15 | Counsel for Plaintiff | Counsel for Plaintiff |
|---|---|
| Peter R. Dion-Kindem, Esq. | Lonnie C. Blanchard, III, Esq. |
| The Dion-Kindem Law Firm | The Blanchard Law Group, APC |
| 21550 Oxnard Street, Suite 900 | 3311 E Pico Boulevard |
| Woodland Hills, California 91367 | Los Angeles, California 90023 |
| Telephone: (818) 883-4900 | Telephone: (213) 599-8255 |
| Facsimile: (818) 883-4902 | Facsimile: (213) 402-3949 |

19     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with

20  postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

21  after date of deposit for mailing in affidavit.

22     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24     Executed on October 8, 2015, at San Francisco, California.

25

26                           _Shante R. Stitt_
                                 Shante Stitt

27

28