UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH LARROQUE,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 15-cv-04684-JSC<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 8 |

In this putative class action, Defendant First Advantage LNS Screening Solutions, Inc. ("Defendant") moves to stay the action pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*. (Dkt. No. 8.)[1] Upon consideration of the parties' submissions, the Court concludes that oral argument is not necessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendant's motion to stay.

**BACKGROUND**

**A.   Procedural History**

On August 11, 2015, Plaintiff filed the instant case in the San Mateo County Superior Court. (Dkt. No. 1-1 at 38, 31-37.) Defendant timely removed the action to this Court on October 9, 2015. (Dkt. No. 1.) In the complaint, Plaintiff alleges that Defendant furnished a consumer report regarding Plaintiff to Pacific Hotel Management, LLC ("Pacific") without first having Pacific certify that it had complied with the disclosure and authorization requirements set forth in Section 1681b(b)(1) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (Dkt. No. 1-1

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

at 33-35.)  Plaintiff seeks to represent a class of all persons as to whom Defendant furnished consumer reports for employment purposes without first obtaining certification of the employer's compliance with Section 1681b(b)(1).  (*Id.* at 35.)  She seeks only statutory and punitive damages.  (*Id.* at 37.)  Plaintiff does not allege that either she or any putative class member suffered actual harm or actual damages.  (*See generally id.*)

**B.     The Supreme Court's Pending *Spokeo* Decision**

On April 27, 2015 the Supreme Court granted certiorari in *Spokeo, Inc. v. Robins*, No. 13-1339, 134 S. Ct. 1892 (Apr. 15, 2015).  The question the Supreme Court will resolve in *Spokeo* is whether a statutory violation in the absence of concrete harm is enough to confer Article III standing upon a plaintiff.  There is a circuit split on this issue, but the Ninth Circuit answered the question in the affirmative, holding that an individual has standing to sue a defendant for violation of the FCRA without alleging actual harm—that is, "violation of a statutory right is usually sufficient injury in fact to confer standing[.]"  *Spokeo, Inc. v. Robins*, 742 F.3d 409, 412-13 (9th Cir. 2014).  The Supreme Court held oral argument in *Spokeo* on November 2, 2015 and is expected to issue its opinion in 2016.

**DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (internal quotation marks and citation omitted).  However, "[o]nly in rare circumstances will a litigant in one case be

1  compelled to stand aside while a litigant in another settles the rule of law that will define the rights
2  of both." *Landis*, 299 U.S. at 255.  A district court's decision to grant or deny a *Landis* stay is a
3  matter of discretion.  *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,
4  1066 (9th Cir. 2007).  The proponent of a stay has the burden of proving such a discretionary stay
5  is justified.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

6  Defendant moves to stay the action pending the Supreme Court's review of the Ninth
7  Circuit's decision in *Spokeo*.  The *Spokeo* decision will directly impact whether, as a matter of
8  law, Plaintiff has standing to bring this action.  Under these circumstances, the *Landis* factors
9  weigh strongly in favor of staying this action pending the *Spokeo* decision.  In fact, Plaintiff's
10  counsel has brought the same Section 1681b(b)(1) claim on behalf of another individual against a
11  different credit reporting agency on two other occasions, and those courts both stayed the litigation
12  pending the *Spokeo* decision.  *See Stone v. Sterling Infosys., Inc.*, No. 2:15-cv-00711-MCE-DAD,
13  2015 WL 4602968, at *2-3 (E.D. Cal. July 29, 2015) ("*Stone I*"); *see also Stone v. Sterling
14  Infosys., Inc.*, No. 1:15-cv-007351-SJO-PJW (C.D. Cal. Oct. 21, 2015) (Dkt. No. 28 at 6) ("*Stone
15  II*").  The same conclusion is appropriate here.

16  The possible prejudice to Plaintiff is minimal, as the *Spokeo* decision will likely be issued
17  within the next six months per the Supreme Court's customary practice.  The prejudice to Plaintiff
18  is particularly low where, as here, Plaintiff has not alleged that she or any members of the class
19  suffered any actual harm.  Moreover, this case is in its early stages, so there are no deadlines that
20  will be affected by a stay.  In contrast, Defendant will suffer significant hardship if the case is not
21  stayed because it will be required to defend a large putative class action—engaging in expansive
22  discovery and possibly class certification briefing—that may be rendered moot and unnecessary
23  within in the next six months by the *Spokeo* decision.  Judicial resources also may be
24  unnecessarily expended reviewing the adequacy of the pleadings, resolving discovery disputes,
25  and considering class certification in a case that the Court may not have subject matter jurisdiction
26  to entertain.  Because the *Spokeo* decision is squarely on point, the orderly course of justice
27  likewise weighs in favor of a stay.  Notably, Plaintiff does not dispute Defendant's argument that
28  the *Landis* favors support a stay.

1    Instead, Plaintiff relies on Eleventh Circuit cases holding that grants of certiorari do not
2 change the law and therefore should not serve as the basis for a *Landis* stay.  To be sure, the Ninth
3 Circuit's *Spokeo* decision holding that a statutory violation alone is enough to confer standing
4 remains binding precedent in this case.  But the Supreme Court's decision may deprive Plaintiff of
5 standing, eliminating the Court's jurisdiction over this action.  The Eleventh Circuit cases that
6 Plaintiff cites did not involve grants of certiorari addressing whether a plaintiff has standing to
7 bring suit in the first instance.  And indeed, numerous courts throughout the Ninth Circuit have
8 granted a stay given the grant of certiorari in *Spokeo*.  *See, e.g.*, *Larson v. Trans Union LLC*, NO.
9 12-CV-05726 WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015); *Ramirez v. Trans Union*
10 *LLC*, No. 12-cv-00632-JSC, 2015 WL 6159942, at *1 (N.D. Cal. June 22, 2015); *Stone I*, 2015
11 WL 4602968, at *3.  A stay is likewise appropriate here.

12   Plaintiff's argument that a stay is not justified because he may be entitled to remand this
13 action to state court in the event that the *Spokeo* decision divests him of standing fares no better.
14 Even assuming for the purposes of argument that Plaintiff would have standing to proceed in state
15 court, permitting this action to proceed in federal court will be an unnecessary waste of this
16 Court's judicial resources.  Defendant has therefore met its burden of establishing that staying this
17 action until the Supreme Court issues an opinion in *Spokeo* would be efficient for the Court's own
18 docket and the fairest course for the parties.  *See Leyva*, 593 F.2d at 863.

## CONCLUSION

20    For the reasons described above, the Court GRANTS Defendant's motion to stay this
21 action pending a decision in *Spokeo*.  Once the Supreme Court issues its decision in *Spokeo*,
22 Plaintiff shall notify the Court in writing and request the rescheduling of the initial case
23 management conference.  This Order disposes of Docket No. 8.

24    **IT IS SO ORDERED.**

25 Dated: January 4, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4