UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH LARROQUE,<br><br>   Plaintiff,<br><br>   v.<br><br>FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,<br><br>   Defendant. | Case No. 15-cv-04684-JSC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Plaintiff brings this putative class action against Defendant for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. On January 4, 2016, the Court granted Defendant's motion to stay this action pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*. (Dkt. No. 23.[1]) The Supreme Court issued its opinion in *Spokeo* on May 16, 2016. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016). The parties submitted a joint case management statement on June 9, 2016 (Dkt. No. 28), and the Court held a further case management conference on June 16, 2016 (Dkt. No. 31). Although the parties agree in their joint statement that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 (Dkt. No. 28 at 2), the Court has concerns regarding Plaintiff's standing in light of the Supreme Court's *Spokeo* decision. Accordingly, the parties are ORDERED TO SHOW CAUSE as to whether the Court has subject matter jurisdiction over this action.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**BACKGROUND**

On August 11, 2015, Plaintiff Elizabeth Larroque filed the instant case in the San Mateo County Superior Court. (Dkt. No. 1-1 at 38, 31-37.) Defendant timely removed the action to this Court on October 9, 2015, on the basis of federal question jurisdiction. (Dkt. No. 1.) In the complaint, Plaintiff alleges that Defendant furnished a consumer report regarding Plaintiff to Pacific Hotel Management, LLC ("Pacific") without first having Pacific certify that it had complied with the disclosure and authorization requirements set forth in Section 1681b(b)(1) of the FCRA. (Dkt. No. 1-1 at 33-35.) Plaintiff seeks to represent a class of all persons as to whom Defendant furnished consumer reports for employment purposes without first obtaining certification of the employer's compliance with Section 1681b(b)(1). (*Id.* at 35.) She seeks only statutory and punitive damages. (*Id.* at 37.) Plaintiff does not allege that either she or any putative class member suffered actual harm or actual damages. (*See generally id.*)

On November 11, 2015, Defendant moved to stay this action pending the ruling in *Spokeo*, arguing that "[i]f the Supreme Court rules that Article III standing requires a concrete harm, Plaintiff will have no standing to proceed and her lawsuit must be dismissed." (Dkt. No. 8 at 4.) Plaintiff opposed, noting that even if *Spokeo* divests her of Article III standing, FCRA § 1681p grants concurrent federal-state jurisdiction over FCRA claims, and therefore the action could be remanded to state court pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 9 at 5-6.) The Court granted the stay "[b]ecause the *Spokeo* decision is squarely on point" and "will directly impact whether, as a matter of law, Plaintiff has standing to bring this action." (Dkt. No. 23 at 3.)

On May 16, 2016, the Supreme Court issued its opinion in *Spokeo*, 136 S. Ct. at 1540. Despite the apparent relevance of *Spokeo* as argued by Defendant and as noted by the Court, neither party addressed *Spokeo* in their joint case management statement; instead, the parties simply agreed that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. No. 28 at 2.) The Court raised concerns regarding its subject matter jurisdiction, in light of *Spokeo*, at the June 16, 2016 conference.

# DISCUSSION

Even in the absence of a challenge by the parties, "federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *Alabama Legislative Black Caucus v. Alabama*, 135 S. Ct. 1257, 1276 (2015) (citation omitted); *see also Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) ("The district court had both the power and the duty to raise the adequacy of [plaintiff's] standing sua sponte.").

Article III standing consists of three "irreducible constitutional minimum" requirements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The party invoking federal jurisdiction bears the burden of establishing these standing requirements. *Lujan*, 504 U.S. at 561.

In *Spokeo*, the plaintiff filed a class action complaint against a consumer reporting agency for alleged violations of FCRA § 1681. 136 S. Ct. at 1545. The plaintiff alleged that Spokeo violated the FCRA by providing inaccurate information about him in a generated credit report. *Id.* at 1546. The district court dismissed the complaint for lack of standing, but the Ninth Circuit reversed, finding that the plaintiff had adequately alleged an injury-in-fact for the statutory violation. *Id.* at 1544-45. On review, the Supreme Court vacated the decision because the Ninth Circuit's standing analysis was incomplete; while the Ninth Circuit found that the plaintiff had adequately alleged a "particularized" injury—the statutory violation of the FCRA—the Ninth Circuit did not properly consider the "concreteness" requirement for an injury-in-fact. *Id.* at 1545. As the Supreme Court noted, "Article III standing requires a concrete injury even in the context of a statutory violation"; a plaintiff cannot satisfy Article III's injury-in-fact requirement by "alleg[ing] a bare procedural violation, divorced from any concrete harm." *Id.* at 1549. Moreover, "a plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute

grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* Rather, "[a] violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate." *Id.* at 1550. The Supreme Court thus remanded the case to the Ninth Circuit to consider both aspects of the injury-in-fact requirement. *Id.* at 1545.

Here, Plaintiff alleges that Defendant violated the procedural requirements of Section 1681b(b)(1), but does not allege that she or any members of the putative class suffered any actual injury or harm as a result of Defendant's purported statutory violations. Given the factual similarities between *Spokeo* and this action and the Court's continuing duty to examine its subject matter jurisdiction, the Court is concerned that Plaintiff has not suffered a concrete injury that would establish standing to proceed in federal court.

Accordingly, the parties are ORDERED TO SHOW CAUSE as to whether the Court has subject matter jurisdiction to preside over this action. The parties shall meet and confer as to whether they agree that Plaintiff does not have standing, especially in light of Defendant's earlier representation that "[i]f the Supreme Court rules that Article III standing requires a concrete harm, Plaintiff will have no standing to proceed and her lawsuit must be dismissed." (Dkt. No. 8 at 4.) If they do not agree as to the lack of standing, the parties shall each file a response to this Order by July 13, 2016. The Court will address this issue at a hearing on July 28, 2016 at 9:00 a.m. in Courtroom F, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED.**

Dated: June 21, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge