UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH LARROQUE,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 15-cv-04684-JSC<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Elizabeth Larroque ("Plaintiff") brings this putative class action against Defendant First Advantage Screening Solutions, Inc. ("Defendant") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, arising from Defendant's provision of a copy of Plaintiff's consumer report to her prospective employer without first satisfying the FCRA's procedural requirements. The Court previously issued an Order to Show Cause ("OSC") as to whether Plaintiff has standing to bring this action for statutory damages, particularly in light of the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016). (Dkt. No. 32.[1]) Plaintiff and Defendant submitted competing responses to the OSC (Dkt. Nos. 33, 34), and the Court heard argument from the parties on July 28, 2016. After considering the parties' arguments and submissions, and for the reasons set forth below, the Court concludes that Plaintiff has not alleged a concrete injury sufficient to confer Article III standing, and the Court therefore lacks subject matter jurisdiction. Accordingly, the Court REMANDS this action to San Mateo County Superior Court.[2]

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5, 7.)

**BACKGROUND**

Plaintiff filed this putative class action in San Mateo County Superior Court against Defendant for violations of the FCRA. (Dkt. No. 1-1 at 38, 31-37.) Defendant timely removed the case to this Court on the basis of federal question jurisdiction on October 9, 2015. (Dkt. No. 1.) Plaintiff alleges that Defendant provided a consumer report regarding Plaintiff to her prospective employer, Pacific Hotel Management, LLC ("Pacific"), without first having Pacific certify that it had complied with the disclosure and authorization requirements set forth in Section 1681b(b)(1) of the FCRA. (Dkt. No. 1-1 at 33-35.) Plaintiff seeks to represent a class of all persons as to whom Defendant furnished consumer reports for employment purposes without first obtaining certification of the employer's compliance with Section 1681b(b)(1). (*Id.* at 35.) Plaintiff seeks only statutory and punitive damages. (*Id.* at 37.) She does not allege that either she or any putative class member suffered actual harm or actual damages. (*See generally id.*)

On November 11, 2015, Defendant moved to stay this action pending the ruling in *Spokeo*, arguing that "[i]f the Supreme Court rules that Article III standing requires a concrete harm, Plaintiff will have no standing to proceed and her lawsuit must be dismissed." (Dkt. No. 8 at 4.) Plaintiff opposed, noting that even if *Spokeo* divests her of Article III standing, Section 1681p of the FCRA grants concurrent federal-state jurisdiction over FCRA claims, and therefore the action could be remanded to state court pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 9 at 5-6.) The Court granted the stay "[b]ecause the *Spokeo* decision is squarely on point" and "will directly impact whether, as a matter of law, Plaintiff has standing to bring this action." (Dkt. No. 23 at 3.)

Following the Supreme Court's decision in *Spokeo*, the parties submitted a joint case management statement on June 9, 2016 (Dkt. No. 28), and the Court held a further case management conference on June 16, 2016 (Dkt. No. 31). Despite the apparent relevance of *Spokeo* as argued by Defendant and as noted by the Court, neither party addressed *Spokeo* in their joint statement; instead, the parties simply agreed that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. No. 28 at 2.) The Court raised concerns regarding its subject matter jurisdiction at the June 16, 2016 case management conference and subsequently ordered the parties to show cause as to why this case should not be remanded for lack of subject matter

jurisdiction. (Dkt. No. 32 at 4.) The parties met and conferred pursuant to the OSC, but did not reach agreement on whether Plaintiff has standing after *Spokeo*. Each party responded on July 13, 2016, with Defendant conceding that Plaintiff does not have standing to support removal jurisdiction and Plaintiff arguing to the contrary. (*See* Dkt. Nos. 33, 34.)

On July 28, 2016, the Court held a hearing on the OSC, during which the parties and the Court discussed the nature of the authorization and consent form that Plaintiff signed regarding the release of information to her then-prospective employer, Pacific, including the release of her consumer and credit reports. As neither party had submitted an actual copy of the form into the record, the Court directed Defendant to file a copy of Plaintiff's signed form and permitted both parties to submit supplemental briefing after submission of the form. Plaintiff herself filed the signed form later that day. (Dkt. No. 36 at 4-5 (Ex. 1).)

The form that Plaintiff signed, titled "Request, Authorization and Consent for Release of Information to Employer and Release from Liability for Disclosure of Information," is dated September 10, 2012. (*Id.*) The form provides, in relevant part:

> I understand that in connection with the application process, Pacific Hotel Management, LLC may request information from my past employers, educational institutions . . . . I also understand that such investigation may include a review of my credit history and any criminal records. In order to assist Pacific Hotel Management in obtaining documents and information to confirm my background, if necessary, I hereby consent to the release of information more specifically described below.
>
> \* \* \*
>
> **E.    Request, Authorization, Consent and Released Regarding Credit Reports**
>
> I request, authorize, and consent to the release of a credit report and/or investigative consumer report concerning me by a credit reporting agency as designated by the Company. I understand that when such a credit report is obtained, I will be informed of the address and telephone number of the designated credit reporting agency. I understand that the results of a background check and my credit reports will be used as part of the evaluation of my application and that both verbal and written reports will be obtained from the reporting service.

(*Id.*)

On August 10, 2016, Plaintiff submitted a supplemental response, stating, "Based on the

1    Court's comments at the hearing on the OSC regarding its view that it does not have jurisdiction
2    over Plaintiff's claims, and without admitting that the Court does not have jurisdiction over
3    Plaintiff's claims, Plaintiff consents to the remand of the case to state court." (Dkt. No. 37 at 2.)
4    Defendant did not file any further response. As the parties have not stipulated to remand, the
5    Court will address whether the case must be remanded due to Plaintiff's lack of standing.

## DISCUSSION

### I.   Article III Standing and *Spokeo*

"Standing is a necessary element of federal-court jurisdiction" and a "threshold question in every federal case." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Even in the absence of a challenge by the parties, "federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *Alabama Legislative Black Caucus v. Alabama*, 135 S. Ct. 1257, 1276 (2015) (citation omitted); *see also Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) ("The district court had both the power and the duty to raise the adequacy of [plaintiff's] standing sua sponte."). This obligation also applies when a case is removed to federal court: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," even if both parties stipulate to federal jurisdiction, and even if no objection is made to removal. 28 U.S.C. § 1447(c); *see, e.g.*, *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("any doubt about the right of removal requires resolution in favor of remand").

Article III standing consists of three "irreducible constitutional minimum" requirements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. The issue here is whether Plaintiff has adequately alleged the "[f]irst

and foremost" of these standing elements: injury in fact. *Id.* (citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560).

The Supreme Court in *Spokeo* recently addressed the injury in fact requirement in the context of an FCRA statutory violation. There, the plaintiff filed a class action complaint against a consumer reporting agency for alleged violations of Section 1681 of the FCRA. *Spokeo*, 136 S. Ct. at 1545. Specifically, the plaintiff alleged that Spokeo violated the FCRA by providing inaccurate information about him in a generated credit report, including that he is married, has children, has a job, is in his 50s, and is relatively affluent with a graduate degree. *Id.* at 1546. The district court dismissed the complaint for lack of standing, but the Ninth Circuit reversed, finding that the plaintiff had adequately alleged an injury-in-fact for the statutory violation. *Id.* at 1544-45. On review, the Supreme Court vacated the decision because the Ninth Circuit's "standing analysis was incomplete"; although the Ninth Circuit found that the plaintiff had adequately alleged a "particularized" injury—i.e., violation of his statutory rights under the FCRA—the Ninth Circuit failed to consider whether that injury satisfied the "concreteness" requirement for an injury in fact. *Id.* at 1545, 1548 ("We have made it clear time and time again that an injury in fact must be both concrete *and* particularized.") (emphasis in original). To be "particularized," an injury "must affect the plaintiff in a personal and individual way," while "concreteness" requires an injury to be "'*de facto*'; that is, it must actually exist." *Id*. at 1548 (citation omitted). The Supreme Court noted, however, that "concrete" is "not . . . necessarily synonymous with 'tangible,'" and "intangible injuries can . . . be concrete." *Id.* at 1549. The Supreme Court remanded the case to the Ninth Circuit to consider both aspects of the injury-in-fact requirement. *Id.*

*Spokeo* made clear that "Article III standing requires a concrete injury even in the context of a statutory violation," and for that reason, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* (citation omitted); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)

1  ("[D]eprivation of a procedural right without some concrete interest that is affected by the
2  deprivation . . . is insufficient to create Article III standing."). The Supreme Court noted that
3  while Congress "is well positioned to identify intangible harms that meet minimum Article III
4  requirements" and can "elevat[e] to the status of legally cognizable injuries concrete, *de facto*
5  injuries that were previously inadequate in law," it "cannot erase Article III's standing
6  requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have
7  standing." *Spokeo*, 136 S. Ct. at 1549. Thus, the injury in fact requirement is not "automatically"
8  satisfied "whenever a statute grants a person a statutory right and purports to authorize that person
9  to sue to vindicate that right." *Id.* Rather, "[a] violation of one of the FCRA's procedural
10 requirements may result in no harm," such as where "even if a consumer reporting agency fails to
11 provide the required notice to a user of the agency's consumer information, that information
12 regardless may be entirely accurate." *Id.* at 1550.

### II. The Parties' Arguments

14 Defendant contends that Plaintiff cannot establish standing because she "alleges only a
15 bare procedural violation of a requirement between a consumer reporting agency [i.e. Defendant]
16 and a user of the agency's consumer reports [i.e. Pacific]," from which she "did not suffer any
17 tangible or intangible harms, much less a concrete harm." (Dkt. No. 33 at 3.) Defendant notes
18 that Plaintiff "does not dispute that Pacific disclosed to her in writing that it would obtain a
19 background report on her, that she gave written authorization for Pacific to obtain her background
20 report, that her background report did not contain adverse information about her, or that Pacific
21 subsequently hired her." (*Id.*) Thus, Defendant argues, the Court should remand this case to state
22 court. (*Id.*)

23 In response, Plaintiff first states that "*Spokeo* has done very little to change (or even
24 clarify) the law; it simply summarizes the [standing] doctrine and provides examples of injuries
25 that might (or might not) constitute sufficiently concrete harm." (Dkt. No. 34 at 10.) Plaintiff
26 goes on to argue that she does in fact have sufficient standing to proceed in federal court—
27 specifically, Plaintiff urges, "Defendant's violations of the FCRA caused [her] a well-established
28 cognizable injury—invasion of privacy—which is clearly sufficient to confer Article III standing."

6

(*Id.* at 11.)

Plaintiff's arguments relating to a purported "invasion of privacy" are unpersuasive. Initially, the Court notes that this newly-identified harm is not discussed or referenced anywhere in the complaint. (*See generally* Dkt. No. 1-1.) To the contrary, Plaintiff's complaint contains no allegations of *any* type of actual harm. Moreover, while Plaintiff's "invasion of privacy" theory appears to have been taken wholesale from the district court's decision in *Thomas v. FTS USA, LLC*, No. 3:13-CV-825, 2016 WL 3653878 (E.D. Va. June 30, 2016)—she quotes verbatim from the case at length without ever citing it—that case is readily distinguishable.

In *Thomas*, the plaintiff alleged that his former employer procured his and other class members' consumer reports without first providing the required written disclosure or obtaining the consumers' written consent, as required by FCRA § 1681b(b)(2). *Id.* at *1. The plaintiff later learned that his employer had received his consumer report when he was denied continued employment based upon information contained in the report—which included numerous felony convictions that were incorrectly attributed to him. *Id.* at *3. The court certified a class of all persons in the United States who had applied for employment with the defendants (1) where the defendants failed to provide written disclosure to the applicant that they intended to obtain a consumer report for employment purposes, as required by 15 U.S.C. § 1681b(b)(2)(A)(i), and (2) where the defendants failed to obtain proper written consent from the applicant, as required by 15 U.S.C. § 1681b(b)(2)(A)(ii).[3] *Id.* at *1. After *Spokeo* was issued, the defendants argued that the plaintiff and other class members lacked standing because they had not alleged a concrete injury. *Id.* at *2. The court, however, rejected this argument, holding that the "unauthorized disclosure [of] personal information constitutes an invasion of the statutory of right to privacy and a concrete injury sufficient to confer Article III standing." *Id.* at *11.

---

[3] The *Thomas* court also certified a subclass of individuals who, along with not having provided the defendants with the necessary written consent, received adverse employment decisions based on the information disclosed in their consumer reports. 2016 WL 3653878, at *1. That subclass is not relevant to Plaintiff because she does not allege that her consumer report contained any false or wrong information and, more importantly, she was ultimately hired by Pacific after it received her report. (*See* Dkt. No. 28 at 3 (joint case management conference statement where Defendant notes, and Plaintiff does not dispute, that "[t]he [consumer] report did not contain any adverse information about Plaintiff, and she was subsequently hired by Pacific").)

7

1  Here, there was no "unauthorized disclosure" of Plaintiff's information as in *Thomas*—to
2  the contrary, before Pacific obtained her credit report from Defendant, she expressly consented in
3  writing to "the release of a credit report and/or investigative consumer report concerning me by a
4  credit reporting agency [i.e. Defendant]" and authorized Pacific's use of her reports as part of its
5  evaluation of her employment application. (Dkt. No. 36 at 4-5 (Ex. 1).) Plaintiff therefore agreed
6  to the release of her private information, eliminating any argument that her privacy was somehow
7  invaded. Indeed, because of her provided consent, Plaintiff does not, and cannot, allege the same
8  statutory violations that the court in *Thomas* found constituted an invasion of the plaintiff's right
9  to privacy; whereas the court found that "the rights created by § 1681b(b)(2) are substantive
10 rights," 2016 WL 3653878, at *11, Plaintiff here alleges only that Defendant did not comply with
11 the procedural requirements of Section 1681b(b)(1).
12 Accordingly, the Court agrees with Defendant and concludes that Plaintiff has alleged
13 nothing more than a bare procedural violation of the FCRA—having provided express written
14 consent to have her consumer report pulled, reviewed, and considered for purposes of
15 employment, Plaintiff has not suffered an "invasion of privacy" or any other concrete harm. This
16 is exactly the situation that the Supreme Court indicated cannot confer Article III standing. *See*
17 *Spokeo*, 136 S. Ct. at 1549 (noting that the plaintiff "could not . . . allege a bare procedural
18 violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article
19 III"). Because Plaintiff does not have standing, the Court does not have subject matter jurisdiction
20 to hear Plaintiff's claims and must therefore remand the case back to state court.

## CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff has not alleged an injury in fact sufficient to confer Article III standing. Accordingly, pursuant to 28 U.S.C. § 1447(c), the Court REMANDS this action to the Superior Court of California for the County of San Mateo.[4] *See Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 74 (1991) (noting that under § 1447(c), "a removed case over which a district court lacks subject matter

---

[4] Both parties agree that this case should be remanded to state court where no subject matter jurisdiction exists. (*See* Dkt. No. 33 at 3; Dkt. No. 37 at 2-3.)

1  jurisdiction 'shall be remanded'"); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th
2  Cir. 1997) (stating that § 1447(c) remand is "mandatory, not discretionary" where district court
3  lacks subject matter jurisdiction).

4  **IT IS SO ORDERED.**

5  Dated: September 2, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge